# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No.  51244-1-II |
| JAMES C. ROWLEY, | |
| Petitioner. | UNPUBLISHED OPINION |

JOHANSON, J.  —  James Rowley seeks relief from personal restraint resulting from his 2015 conviction for first degree child molestation.[1]  In 2008, a 10-year-old girl told her parents and her grandmother that Rowley had sexually touched her while she was asleep on a couch in her grandmother's basement.  *See State v. Rowley*, noted at 195 Wn. App. 1017, 2016 WL 3982957, at \*1, *review denied*, 186 Wn.2d 1028 (2016).  An unsmoked Marlboro cigarette was found at the scene and seized by the police.  It was not submitted to a crime laboratory for analysis because the police did not believe it had any evidentiary value.  During his retrial proceedings in 2015, Rowley's attorney learned that the police had destroyed the cigarette in 2013.  Rowley declares

---

[1] We issued the mandate of Rowley's direct appeal after retrial on December 23, 2016, making his December 11, 2017 petition timely filed.  RCW 10.73.090(1), (3)(b).

that he never touched that cigarette but that his brother, Jon Rowley, had Marlboro cigarettes in the house the night of the incident.

Rowley argues that his conviction must be dismissed because the destroyed cigarette was exculpatory and destroyed in bad faith. *State v. Armstrong*, 188 Wn.2d 333, 345, 394 P.3d 373 (2017). In order to be exculpatory evidence, the evidence's exculpatory value must have been apparent before the evidence was destroyed. *State v. Wittenbarger*, 124 Wn.2d 467, 475, 880 P.2d 517 (1994). Rowley now asserts that "touch [deoxyribonucleic acid (DNA)]" could have been retrieved from the unsmoked cigarette. Pers. Restraint Pet. at 6. But he does not demonstrate that it was apparent to police in 2013, when the cigarette was destroyed, that "touch DNA" could have been retrieved from the cigarette. Thus, he fails to show that the cigarette was exculpatory. Nor does he show that the cigarette was destroyed in bad faith. At the time the cigarette was destroyed, Rowley's initial conviction had been affirmed on direct appeal. It was only after the cigarette's destruction that we granted Rowley's earlier personal restraint petition on public trial grounds. *See In re Pers. Restraint of Rowley*, noted at 179 Wn. App. 1055 (2014). And the cigarette was destroyed as part of a routine evidence purge. Thus, Rowley fails to meet the requirements for a dismissal based on destroyed evidence.

Rowley also argues that the imposition of his sentence of life imprisonment without possibility of parole under the Persistent Offender Accountability Act, RCW 9.94A.570, violates the Sixth Amendment because it was based on the trial judge's finding that he had committed the requisite prior offense rather than a finding by a jury that he had committed the requisite prior offense. He supports his argument with what he describes as an inconsistency between *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Almendarez-Torres*

No. 51244-1-II

*v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998). But our Supreme Court has rejected Rowley's argument. *State v. Witherspoon*, 180 Wn.2d 875, 893-94, 329 P.3d 888 (2014).

We dismiss Rowley's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

LEE, A.C.J.

MELNICK, J.

3